## STANDARD–VACUUM OIL CO. v. UNITED STATES.

### No. 48319.

United States Court of Claims.

Nov. 1, 1948.

Albert R. Connelly, of New York City (Cravath, Swaine & Moore, of New York City, on the brief), for plaintiff.

Kendall M. Barnes, of Washington, D. C., and H. G. Morison, Asst. Atty. Gen., for defendant.

Before HOWELL, MADDEN, WHITAKER, and LITTLETON, Judges.

HOWELL, Judge.

This is a motion to dismiss three of fifteen causes of action stated in plaintiff's petition on the ground that they are barred by the statute of limitations.

The defendant has requested the Court to dismiss (a) the fifth claim stated in the amended petition, (b) that part of the seventh claim stated in paragraphs 64 to 67 of the amended · petition, and (c) the fifteenth claim stated in the amended petition, or in the alternative, so much of the fifteenth claim as relates to the alleged requisition by defendant of petroleum supplies, and as ground therefor invokes the six-year period limitation provisions of Section 156 of the Judicial Code, 28 U.S.C.A. § 262.[1]

By leave granted subsequent to the filing of the amended petition, plaintiff on March 24, 1948, duly filed a second amended petition, in which plaintiff amended its fifth claim by changing the alleged date of requisition from April 1, 1941 to April 1, 1942. From that amendment it appears that the claim did not accrue more than six years prior to the filing of the petition and as a consequence the claim cannot be barred by the provisions of Section 156 of the Judicial Code, supra.

Therefore, it is necessary to address our attention only to the argument of defendant that parts of the seventh and fifteenth claims appearing in the amended petition are barred by the statute of limitations and to plaintiff's contention that defendant's motion to dismiss these claims should be denied.

The claims involved are for certain properties of the plaintiff, Standard-Vacuum

---

[1] In 1948 Revision, 28 U.S.C.A. § 2501.

Oil Company, requisitioned by the United States Government for military purposes, including petroleum stocks, supplies, buildings and equipment, and the destruction of certain supplies and equipment of plaintiff to prevent their falling into enemy hands, located at San Fernando, La Union, and La Paz, Iloilo City, Philippine Islands. Plaintiff alleges that because of the loss and destruction of its records proper claims could not be filed until the Japanese occupation had ended and opportunity had to reconstruct statistically the properties, stocks, equipment, etc., owned by it at the time of requisitioning or destruction.

The question involved is whether the statute of limitations is suspended by reason of the fact that the plaintiff was unable to make complete and timely claims against the United States by reason of the occupation of the Philippine Islands by the military forces of the Japanese with whom the United States was at war.

The relative parts of Section 156, supra, are as follows:

"Every claim against the United States cognizable by the Court of Claims, shall be forever barred unless the petition setting forth a statement thereof is filed in the court * * * within six years after the claim first accrues. The claims of married women, first accrued during marriage, of persons under the age of twenty-one years, first accrued during minority, and of idiots, lunatics, insane persons, and persons beyond the seas at the time the claim accrued, entitled to the claim, shall not be barred if the petition be filed in the court * * * within three years after the disability has ceased; but no other disability than those enumerated shall prevent any claim from being barred, nor shall any of the said disabilities operate cumulatively."

It is urged that even though the statute sets forth with particularity those causes which will suspend its running, that nevertheless there are other causes not mentioned in the statute itself which have the same effect.

The Supreme Court, in the case of Braun v. Sauerwein, 1871, 10 Wall. 218, at pages 221-223, 19 L.Ed. 895, by unanimous opinion delivered by Mr. Justice Strong, made an extended exposition of the theory.

In the case of Hopkirk v. Bell, 3 Cranch 454, 2 L.Ed. 497, the Supreme Court held that the treaty of peace of 1783, by which the independence of the United States was acknowledged by Great Britain, prevented the operation of a Virginia statute of limitations upon debts due to British subjects, and contracted before the treaty was made. In that case, though the statute had begun to run before the commencement of the war in 1775, the time during which it had thus run was not allowed to be added to any time subsequent to the treaty.

In Hanger v. Abbott, 6 Wall. 532, 18 L. Ed. 939, it was ruled that the time during which the courts of the Southern states were closed to the citizens of other states during the War Between the States was, in suits brought by such citizens, to be excluded from the computation of the time fixed by the statutes of limitation, within which only suits might be brought, and this, though the statutes contained no such exception. In other words, it was held that the statute of limitations of the Southern states was suspended while the courts in those states were closed by the war.

In the Hanger case, supra, Abbott of New Hampshire sued Hanger of Arkansas in assumpsit. The question was whether the period of the War Between the States was to be excluded in computing the time fixed for limitation of action by the Arkansas statute, there being no exception or exemption stated in the statute. Mr. Justice Clifford gave the opinion of the Court and held that the statute of limitations did not run while the creditor was incapable of suing, owing to the state of war.

The plaintiff, in its supplemental memorandum in answer to defendant's motion to dismiss, has directed the attention of the Court to the recent opinion of the United States Circuit Court of Appeals for the Second Circuit in Osbourne v. United States et al., 1947, 164 F.2d 767.

In that case, the appellant, the libellant in the court below, had been employed between October 15, 1941, and December 8, 1941, as member of the crew of a vessel

owned, operated and controlled by respondents American President Lines, Ltd., and the United States, through its agency the War Shipping Administration. At some time during the period of his employment, appellant was injured through the negligence of respondents. On December 8, 1941, he, along with the rest of the crew, was interned by members of the armed forces of the Imperial Japanese Government and was not returned to this country until October of 1945. Suit was commenced on July 31, 1946.

The District Court dismissed the libel on exceptions founded on the statute of limitations. On appeal to the Second Circuit Court of Appeals, the order of the District Court, 74 F.Supp. 711, was reversed on the ground that the running of the statute of limitations was tolled when the libellant-appellant was a prisoner in the hands of the enemy in time of war.

It is to be noted that in all of the authorities reviewed above, the courts in each instance were unavailable to the plaintiffs in question. In Hopkirk v. Bell, supra, the Revolutionary War had the practical effect of closing the courts of Great Britain to litigants of the United States of America, and vice versa. Hanger v. Abbott, supra, involved a consideration of the War Between the States, which also had the effect of closing the courts of the North to the citizens of the South, and vice versa.

The decision of the Supreme Court of the United States in the case of Braun v. Sauerwein, supra, was primarily based upon the previous holdings of the court in the cases above mentioned.

In the most recent case, and that last reviewed above, i.e., Osbourne v. United States, supra, the libellant in the lower court had been deprived of the proper forum in which to bring his cause of action by reason of the fact that he was a prisoner of war in a country then occupied by the enemy of the United States. Consequently, he could not have presented his cause of action during the time when he was so incarcerated.

However, in the case before us, the courts of the United States were open at all times to the plaintiff to present its claims against the Government. The plaintiff knew that its stores and supplies had either been requisitioned by the United States Government or destroyed in order to prevent them from falling into the hands of the enemy many months ago.

As a matter of fact, on May 3, 1946, the plaintiff filed with the United States Army Claims Service, Manila, Philippine Islands, proof of certain claims in respect of property sold and delivered to the defendant. At that time, which was over a year and one half prior to the six-year limitation, it would have been possible for the plaintiff to have filed with this Court proper claims which, even though they may not have been complete and accurate, could nevertheless have been amended as soon as the full facts concerning them came into possession of the plaintiff.

The claims could have thus been preserved against the running of the statute of limitations.

The language of section 156 of the Judicial Code, supra, is clear and unambiguous:

"Every claim against the United States cognizable by the Court of Claims, shall be forever barred unless the petition setting forth a statement thereof is filed in the court * * *".

After the enumerated disabilities are stated, the section concludes

"* * * but no other disability than those enumerated shall prevent any claim from being barred, * * *".

In view of this language employed by Congress, and the circumstances of this case, we do not think that the running of the statute should be tolled as to the claims of the plaintiff against which the motion to dismiss has been directed.

Therefore, that part of the seventh claim stated in paragraphs 64 to 67 of the amended petition, and so much of the fifteenth claim as related to the alleged requisition by the defendant of petroleum supplies, are hereby dismissed. It is so ordered.

MADDEN, WHITAKER, and LITTLETON, JJ., concur.

660

JONES, Chief Judge (dissenting).

In the circumstances as disclosed by the pleadings and in the light of conditions that were known to prevail I would overrule the motion to dismiss.

Not only did wartime conditions prevail, but for nearly four years the entire territory where these transactions occurred was occupied by an alien enemy. The plaintiff was the owner of numerous oil installations throughout the Philippine Islands. It was manifestly impossible to ascertain the facts in detail during that period.

The information upon which a petition could be based, even if not destroyed by the enemy, was removed from plaintiff's use as effectively as if it had been destroyed. It is a source of pride to Americans that the courts of our country make every reasonable effort to protect the rights of litigants.

Statutes of limitation are intended to bring disputes to an issue while information, records and living witnesses are available. But here the shoe is on the other foot. Every reason upon which statutes of limitation are based is on the other side and calls for a suspension of the statutes during a period when there was a blackout of information and facts. Hanger v. Abbott, 6 Wall. 532; Braun v. Sauerwein, 10 Wall. 218; Osbourne v. United States, 164 F.2d 767, 769.

It is true that the six years statute of limitation is jurisdictional, but the same reasoning applies to its suspension as to the right to recover in ordinary cases.

I would overrule the motion without prejudice and allow the facts to be presented. If these show a lack of diligence on the part of plaintiff, appropriate action can then be taken. But to grant the motion on the cold lettering of the law without knowing what the justifying facts may be is too much like making plaintiff responsible for conditions brought about by a conflict that was not of its choosing, and penalizing it for a failure to secure facts during a period when they were unavailable.