The facts sufficiently appear from the opinion per curiam, as follows:
The Government has filed a motion to dismiss the plaintiff’s petition because it shows on its face that the cause of action sued upon arose more than six years before the filing of the petition.
The petition alleges that the plaintiff was on June 18, 1938, discharged by the Procurement Division, Treasury Department, from her position as a CAF-2 Clerk in the Mail and Files Room. She had had some fifteen years government service in that and other positions. The discharge was “with prejudice.” No charges were preferred, no hearing was held and no opportunity was afforded to rebut any evidence against her, though repeated requests were made, on her behalf, for a hearing. Having been discharged “with prejudice” she was handicapped in securing public or private employment. On January 18, 1943, she was reinstated in the War Production Board. Her salary for the period of her unemployment would have been $6,600, for which sum she sues.
*84 Since the plaintiff’s unemployment ended on January 18, 1943, her cause of action, if any, arose at least that long ago. Her petition was filed August 17,1949. Title 28, U. S. Code, Section 2501, provides:
Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed ■ * * * within six years after such claim first accrues.
The dates given above show that the claim is barred by the Statute of Limitations; therefore the defendant’s Plea to the Jurisdiction must be granted and the plaintiff’s petition dismissed.
It is so ordered.