# STANDARD-VACUUM OIL CO. *v.* UNITED STATES.

No. 18.   Argued October 13, 1949.—Decided March 27, 1950.

*Albert R. Connelly* argued the cause for petitioner. With him on the brief was *George S. Collins.*

158

*Newell A. Clapp* argued the cause for the United States. With him on the brief were *Solicitor General Perlman, Assistant Attorney General Morison* and *Samuel D. Slade.*

MR. JUSTICE MINTON delivered the opinion of the Court.

On December 5, 1947, petitioner filed suit in the Court of Claims to recover just compensation for certain of its properties in the Philippine Islands which the United States had allegedly requisitioned for military purposes. On March 24, 1948, petitioner filed an amended petition, including for the first time the claims here involved, the Seventh and the Fifteenth. A second amended petition was filed June 1, 1948. In the Seventh claim of the amended petition, petitioner alleged that the United States on or about December 18, 1941, requisitioned and took certain petroleum products and other personal and real property of petitioner located in the Philippine Islands. The Fifteenth claim of the amended petition contained an allegation, *inter alia,* that during the period from December 1941 to January 1942, respondent took and disbursed certain other petroleum products of petitioner located at another place in the Philippine Islands.[1] In the interim between the filing of the first and the second amended petitions, on April 12, 1948, the United States had filed a motion to dismiss the Seventh and Fifteenth claims on the ground that it appeared on the face of the amended petition that the claims sued upon each accrued more than six years prior to the filing of the amended petition, that the claims were therefore barred by § 156 of the Judicial Code,[2] and the Court of Claims was without jurisdiction to hear said claims. The

---

[1] This portion of the Fifteenth claim is hereafter referred to as the Fifteenth claim.

[2] "Every claim against the United States cognizable by the Court of Claims, shall be forever barred unless the petition setting forth a

court allowed this motion to stand directed against the second amended petition. After hearing argument, the court sustained the motion to dismiss, and did dismiss the Seventh and Fifteenth claims. 112 Ct. Cl. 137, 80 F. Supp. 657. We granted certiorari (336 U. S. 935) on the assumption that the record presented the question whether deprivation of access to information bearing on the existence of petitioner's claims during the Japanese occupation of the Philippine Islands could or did affect the operation of the six-year statute. But since the record does not properly present that question, we cannot answer it.

The case reaches us upon pleadings that allege only the fact of taking in 1941 and 1942, more than six years before the Seventh and Fifteenth claims were filed by petitioner. We do not intimate that any facts could have the effect of relieving petitioner from the limitation of the statute, nor what facts should be alleged that could have that effect.

It might be assumed in favor of petitioner's pleadings what is judicially known, that the Japanese were, for all practical purposes, in complete control of the Philippine Islands by May 1942 and continued in control until sometime subsequent to October 1944, when the United States Army returned. But it cannot be assumed that petitioner was deprived of information about its property before and during that period. The pleadings do not so inform, and certainly a court could not know judicially the facts of petitioner's information or lack of information. Then there is the period from the United States reoccupation in 1945 to March 24, 1948. With respect to this period of United States control of the Islands, nothing is alleged by petitioner concerning its deprivation of or access to

statement thereof is filed in the court . . . within six years after the claim first accrues . . . ." 36 Stat. 1139, 28 U. S. C. § 262, now 62 Stat. 976, 28 U. S. C. § 2501.

information about the taking of its property at the times set forth in the claims.

True, the discussion of petitioner's claims seems to have been at large before the Court of Claims as to the information or lack of information petitioner had concerning its claims and as to the effect such information or lack thereof might have had upon petitioner's right to file the claims more than six years after they accrued. The majority opinion of the Court of Claims recites:

> "Plaintiff alleges that because of the loss and destruction of its records proper claims could not be filed until the Japanese occupation had ended and opportunity had to reconstruct statistically the properties, stocks, equipment, etc., owned by it at the time of requisitioning or destruction." 112 Ct. Cl. at 139, 80 F. Supp. at 658.

There are no such allegations in the amended petition. What allegations there are in the petition bring the case squarely within the statute, which denies the Court of Claims power to entertain an action brought more than six years after the action accrues.

Thus the case was decided not only upon what was alleged in the pleadings but upon other allegations as well, as to which no clear inkling appears in the record. Because the Court of Claims considered these additional allegations, it is urged that we should also consider them. But we cannot consider such allegations in determining the sufficiency of the cause stated. After all, pleadings and the making of a proper record have not been dispensed with. They still have a function to perform. This case points up that function. We will not review questions not clearly raised on the record.

Since it is apparent that facts were considered by both the Court of Claims and counsel that were not in the pleadings, and the court's opinion and judgment take

cognizance of such facts, the judgment is vacated and the cause is remanded. The Court of Claims may permit further pleadings if in the court's discretion such further pleadings seem proper and just. If permission to plead further is denied, or if petitioner fails to plead further should permission be granted, the cause shall be dismissed.

*It is so ordered.*

MR. JUSTICE DOUGLAS took no part in the consideration or decision of this case.