Howell, Judge,
delivered the opinion of the court:
The plaintiff, a veteran of World War I, sues to recover $16,850, representing salary which he would have earned as an employee in the office of the United States Customs Appraiser of Merchandise in New York City had he not been placed in a retired status for “total disability” on October 1,1942, by action of the Treasury Department and the United States Civil Service Commission.
It appears that plaintiff subsequently was reexamined and found eligible for employment and on April 21, 1943, the Civil Service Commission' recommended his reinstatement *810 to his former position. His request for reinstatement was denied by the Customs Service for the reason that no suitable position was available.
Plaintiff, who appears before us in his proper person, is not a lawyer, but from his petition it appears that he claims that his original dismissal on October 1, 1942, was wrongful, that he should have been restored to service as a result of the recommendation of the Civil Service Commission in April 1948, and hence he should be paid his accumulated salary from October 1,1942, to date.
The Government has moved to dismiss the petition on the ground that the asserted cause of action accrued more than six years prior to February 21, 1950, the date on which the petition was filed, and therefore this court is without jurisdiction. 28 U. S. C. §2501; Annie E. Dorer v. United States, 115 C. Cls. 83.
Obviously, this motion must be allowed. Even though we might feel inclined towards every effort to keep this plaintiff in court for the purpose of deciding his claim upon the merits, we can consider only the allegations contained in the petition. Standard-Vacuum Oil Company v. United States, 112 C. Cls. 137, vacated and remanded 339 U. S. 157.
Furthermore, the allegations of the petition are not sufficient to show either that the action of the Customs officials in originally retiring plaintiff for reasons of his physical disability or their refusal to reinstate him after the recommendation of the Civil Service Commission in 1943 (which was also more than six years prior to the filing of this petition) was wrongful.
The petition, though lacking in many respects, does disclose that plaintiff was given his day in court, on practically the same issues which he attempts to raise in this court, in Siskind v. Morgenthaw, Secretary of the Treasury, 152 F. (2d) 288, decided November 13,1945.
Defendant’s motion is granted and the petition is dismissed.
It is so ordered.
MaddeN, Judge; WhitakeR, Judge; LittletoN, Judge; and JoNes, Chief Judge, concur.