266 P.2d 1091

**MONG MING CLUB et al. v. TANG.**

**Civ. 5617.**

Supreme Court of Arizona.

Feb. 16, 1954.

GIBBONS, Superior Court Judge.

The Mong Ming Club, a Chinese social organization, hereinafter designated as Club, filed an action, herein called contract case, against William Tang, one of its officers, herein referred to as appellee, for $2,600 claimed to be due on an alleged contract to repay a shortage in club funds caused by the defalcation of another officer of the association. Appellee admits the shortage in funds, asserts that one Ong Gow appropriated the same, denies he agreed to pay said sum on payments of $100 per month, and alleges he did promise to make up such amount from one half of his share of the Club profits as they accrued. Soon thereafter the Club dissolved. The jury found in favor of the appellee and judgment was entered for him in the contract case.

Kwok Kuey and Jue Doo Thim, herein referred to as appellants, were appointed by members of the Club to contact appellee regarding alleged delinquent payments and while so doing were shot and injured in an altercation with William Tang. Each appellant brought an action, herein called tort actions, against appellee for damages for personal injuries thus sustained. The contract and tort actions were consolidated for trial. Appellee admits he shot each of the appellants, but did so in defense of himself and family after being first viciously and violently threatened and assaulted by them. The jury rendered a verdict in favor of the appellee and

E. R. Thurman and Shute & Elsing, Phoenix, for appellants.

Gibbons & Kinney, Phoenix, for appellee.

against appellants in the tort actions and judgment was entered thereon.

There are but two assignments of error submitted on this appeal. The first, applicable to all three cases, is that the trial court erred in denying the Club's and appellants' motions to set aside the verdicts and judgment, and for a new trial, for the reason prejudicial questions were asked witnesses and prejudicial evidence of irrelevant matters were injected into the case, particularly referring to the use of the word "tong" in the pleadings; testimony that the appellants were "hatchet men"; and questions propounded to a witness of the Club regarding his arrest for, or conviction of, a felony.

■ The Club urges its case was based upon contract and reference to its agents in a defamatory manner was done to prejudice the jury and was not relevant to the merits of the case. This position is untenable in view of the fact that the contract case was consolidated for trial with the tort actions.

■ In civil actions for damages for assault and battery, as in criminal prosecutions, the defendant, after laying a proper foundation by evidence tending to show that in committing the assault he acted in self-defense, may introduce evidence of the turbulent and dangerous character of the assaulted on the issue as to who was the aggressor. 4 Am.Jur., Assault and Battery, Sec. 172; 6 C.J.S., Assault and Battery, § 41, a(2); Jones on Evidence,

4th Edition, Vol. 1, page 259, Sec. 149. And under certain limitations and conditions a witness may be interrogated as to whether or not he has been convicted of a felony. If the rules of evidence are not adhered to or followed in these matters it is the duty of counsel to make timely objection or move for a mistrial.

The record discloses that no objection was made to the word "tong" which was used in the pleadings, or to the testimony that appellants were "hatchet men". In fact the Club introduced evidence that "tong wars and hatchet men" no longer existed. Every objection made by appellants to questions asked of the witness Jimmie Tsi, who was called by Club as a witness in the contract case, were sustained by the court. It is true that he denied ever having been convicted of a felony and no evidence was introduced to show that he was. It is significant that no appropriate objection or motion to correct this error or for a mistrial was ever made, either openly or privately to the court.

In the case of Bruno v. San Xavier Rock & Sand Co., 76 Ariz. 250, 263 P.2d 308, 310, this court said:

"* * * it was plaintiffs' duty to make a proper record upon which to predicate their appeal to this court. (Citing authorities.) The inaction of the plaintiffs' attorney deprived the trial court of an opportunity to correct any errors it may have made and

to cure any prejudicial conduct before the case was submitted to the jury. * * *"

This rule aptly applies in this case.

The second assignment of error, relating only to the contract case, is as follows:

"The court erred in failing to order the entry of a judgment to the effect that either (1) the appellant Mong Ming Club be denied relief, or (2) for a money judgment against the appellee. It erred in directing 'order judgment for the defendant in accordance with * * * the verdict' in view of the fact that the jury returned a special verdict which did not determine whether or not the appellee is indebted to the appellant."

The issues upon which this case was tried are clearly shown by the two interrogatories submitted to the jury:

"Interrogatory No. 1: Did the defendant and the members of the Mong Ming Club on or about the 17th day of March, 1946, agree that funds belonging to the Club should be paid from the defendant's share of any profits made by the Club?

"Interrogatory No. 2: Did the defendant agree with the former members of the Mong Ming Club on or about May, 1948, that he would pay for the benefit of the former members of said club the sum of approximately $4,700 at the rate of $100 per month?"

The first question was answered in the affirmative and the second in the negative, which, as admitted in appellants' brief, was a finding "that appellee's obligation to the Club only arose when and as the Club made a profit". The only evidence relating to such earnings and the disposition thereof is the testimony of William Tang as follows:

"Q. Did the Club make any profit after the last meeting? A. Just a little bit.

"Q. Then what happened? A. Then they closed up.

"Q. Now that little bit of profit, did you receive any of it? A. No."

If appellee received no profits and such a finding was made, either by the court or jury, then the finding on interrogatories that he was obligated to pay only from his share of the profits would, in effect, be a verdict that appellee was not indebted to it in any amount. It appears the trial court took this view and ordered judgment in accordance therewith. On appeal, we as a reviewing court, must assume that the trial court found, in addition to express findings of fact appearing in the record, such additional facts as are necessary to sustain the judgment, if they are reasonably supported by the evidence, and not in conflict with the express findings. Hagan v. Cosper, 37 Ariz. 209, 292 P. 1020; Barth Mercantile Co. v. Jaramillo, 46 Ariz. 365, 51 P.2d 252; Lin-

inger **v.** Desert Lodge, 63 Ariz. 239, 160 P.2d 761. The Club vigorously contends that the judgment of the court did not deny relief to appellants, but only decreed that appellee pay to the Club from his part of the profits an undetermined amount, and hence by reason of its uncertainty was invalid and should be reversed. One of the authorities cited in support of this position is Rule 49(a), Rules of Civil Procedure, Section 21–1008, A.C.A.1939. It is significant and worthy of note that the Club failed to produce any evidence relating to its profits, or to demand any finding of fact thereon, either by the court or jury. Rule 49(a) provides that if demand is not made, the court may make such finding, *"or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict."* It must be presumed the trial court found that the appellee received no Club profits and therefore was not indebted to the Club in any sum or amount.

■ We readily concede that the court could and probably should have been more specific and certain in the terms of the judgment rendered, but the seat of trouble lies in the failure of the parties to present clear and explicit interrogatories on all matters which each party wanted determined. If they fail to do so, they cannot be heard to complain. They should not be permitted to lie in wait, take a chance on a favorable verdict and, being disappointed, sally forth from ambush and for the first time, on a motion for a new trial, complain of ambiguities and lack of clarity.

■ From the record it is apparent that *the issues upon which this case was tried* were submitted to the jury and the form of submission was concurred in by all the parties. The resulting verdict was for the appellee and against the appellants, and the judgment thereon did determine the issues of the case and should not be reversed for lack of proper form.

For the reason stated the judgment in each of the three cases is affirmed.

Judgments affirmed.

PHELPS, C. J., and STANFORD, LA PRADE, and UDALL, JJ., concurring.

NOTE: Justice WINDES disqualified, having been the trial judge, and the Honorable J. SMITH GIBBONS, Judge of the Superior Court of Apache County, was called to sit in his stead.