714 P.2d 1311

**Scott M. GIBSON, Plaintiff-Appellee,**

v.

**Garth GUNSCH, Defendant-Appellant.**

**No. 1 CA–CIV 8167.**

Court of Appeals of Arizona,
Division 1, Department D.

Dec. 10, 1985.

Reconsideration Denied Nov. 5, 1985.

Review Denied Feb. 12, 1986.

Martin & MacIntyre by John J. MacIntyre, Scottsdale, for plaintiff-appellee.

Holloway & Thomas by Joseph C. Dolan, Phoenix, for defendant-appellant.

## OPINION

SHELLEY, Judge.

Scott M. Gibson, hereinafter called Gibson, sued appellant Garth Gunsch, hereinafter called Gunsch, alleging intentional assault. The case was tried to a jury and a verdict was rendered in favor of Gibson, finding that Gunsch intentionally assaulted Gibson and awarding damages. The sole issue presented on appeal is:

DID THE TRIAL COURT ERR IN PERMITTING GIBSON TO INTRODUCE TESTIMONY REGARDING HIS CHARACTER AS TO PEACEFULNESS?

Gibson contends that this issue was not properly preserved at the trial level because Gunsch's objections to the evidence were too general to be given any consideration. Gibson overlooks the fact that Gunsch filed a motion *in limine* prior to trial, setting forth in detail specific objections to that type of evidence and citing Rule 404, Arizona Rules of Evidence. A properly filed motion *in limine* preserves appellant's objections on appeal without need for further objection if it sets forth specific grounds for the objections. *State v. Briggs*, 112 Ariz. 379, 382, 542 P.2d 804, 807 (1975).

Two witnesses testified as to Gibson's peaceful character and that they had never seen him get involved in any physical assault. This issue was thoroughly discussed in *Blankinship v. Duarte*, 137 Ariz. 217, 669 P.2d 994 (App.1983). In that case, appellant filed suit for personal injury, alleging that he was assaulted by the appellee. There was a question as to who was the aggressor. In this case, we have the identical question raised as to who was the aggressor. The court in *Blankinship* stated:

During the trial appellants moved in limine to exclude evidence that Gilbert Duarte was a peaceful man. Appellees convinced the trial court that since there was a question as to *who was the aggressor* in this case, such evidence was admissible. While such evidence was once admissible in Arizona in a civil case, see

*Mong Ming Club v. Tang*, 77 Ariz. 63, 266 P.2d 1091 (1954), it is not now.

Our Rule 404(a), Arizona Rules of Evidence, 17A A.R.S., states:

"Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

(1) *Character of accused.* Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same;

(2) *Character of victim.* Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor; ..."

As can be seen from the language itself, the rule only applies in criminal cases. This was observed in M. Udall & J. Livermore, Law of Evidence § 83, at 170 (2d ed. 1982): "With the exception of credibility rules discussed elsewhere, Rule 404 makes clear that *circumstantial use of character* is permissible only in criminal cases.... (Footnotes omitted.) And in footnote 6 at 170 the authors state: "... The rule of *Mong Ming Club v. Tang* [citation omitted], allowing proof of the character of the victim in a civil assault suit in support of a self-defense claim apparently does not survive the enactment of the rules of evidence...." See also, 2 *Weinstein's Evidence* ¶ 404[03], at 404—20.

The trial court erred in denying the motion in limine and allowing evidence from three witnesses as to Mr. Duarte's peaceful nature.

*Id.* at 221–222, 669 P.2d 994. (emphasis added)

The reasoning of *Blankinship, supra,* applies here as the issues are identical.

*Weinstein's Evidence*, Vol. 2, ¶ 404[03], p. 404—25 states:

It is not possible, particularly in view of the Advisory Committee notes, to read Rule 404(a)(1) and (2) as permitting evidence of character in a civil case if the conduct involved would be a crime. This is so because the terms "accused" and "prosecutor" are used.

Weinstein distinguishes cases like this where there is circumstantial use of character from cases where character is actually in issue as follows:

> A person's possession of a particular trait of character may be a material, consequential fact which under the substantive law determines the rights and liabilities of the parties. Character evidence in such a case does not fall within the prohibition of Rule 404. It is being offered not to prove that a person "acted in conformity therewith on a particular occasion" but rather because the character traits themselves are of significance as an element of a crime, claim or defense. As illustrations of character in issue, the Committee notes the chastity of a victim under a statute specifying chastity as an element of the crime of seduction, or the competency of a driver, in an action for negligence in entrusting a vehicle to an incompetent driver.

*Weinstein's Evidence*, Vol. 2, ¶ 404[02]; p. 404—17.

In the case before us, character traits are not an element of the claim or defense. Weinstein quotes the Advisory Committee's Note on Rule 404, which states that "the criminal rule is so deeply imbedded in our jurisprudence as to assume almost constitutional proportions and to override doubts of the basic relevancy of the evidence." *Weinstein's Evidence*, Vol. 2, Advisory Committee's Note Rule 404, p. 404—7. This is apparently the reason why the rules of evidence make character evidence permissible in a criminal charge but not in a civil suit with regard to the same event.

Gibson cites the case of *Crumpton v. Confederation Life Ins. Co.*, 672 F.2d 1248 (Fifth Cir.1982), as authority for the admissibility of character evidence in this case. In that case, Titus Crumpton (hereinafter called decedent), allegedly raped a Ms. Petton and while doing so inflicted multiple bruises on her body. A few days later, Ms. Petton, with a pistol in her possession, saw decedent standing on the street across from her home. Apparently he started toward her so she pulled the gun and without verbal warning shot and killed him. The decedent was insured and his insurance company denied liability, claiming that his death was not accidental. The appellate court stated that the district court did not abuse its discretion in admitting evidence of character because:

> Crumpton's character was at issue given the defense raised by Confederation that Crumpton should have anticipated bodily injury because he committed a violent criminal act.... Given the unusual nature of this case, the decision whether to admit the evidence of character, *although perhaps a close call,* was reached after carefully weighing all factors. We thus find no abuse of discretion by the District Court in admitting such evidence.

*Id.* at 1252–1253 (emphasis added). The court went on to say that because of other evidence aside from the character evidence, in any event the evidence of character was not prejudicial to the rights of the insurance company.

The *Crumpton* case factually is entirely different than the case at bar. As the court in *Crumpton* stated: "the focus of the civil suit on the insurance policy was the issue of rape, and the resulting trial was in most respects similar to a case for rape." 672 F.2d 1248 at 1253.

■ The court erred in admitting the evidence with regard to Gibson's character. The judgment of the trial court is reversed and the case is remanded for a new trial.

GRANT, P.J., concurs.

JACOBSON, Judge, dissenting:

I respectfully dissent. The majority holds that Rule 404, Arizona Rules of Evidence, operates to exclude circumstantial use of character evidence in all civil cases,

adopting the opinion of Division Two of this Court in *Blankinship v. Duarte*, 137 Ariz. 217, 669 P.2d 994 (App.1983).

I have previously concurred in an opinion which adopted the *Blankinship* rationale. *Bell v. State*, 143 Ariz. 305, 693 P.2d 960 (App.1984). I am now convinced that *Blankinship* was incorrectly decided and that my concurrence in *Bell*, on that particular point, was mistaken.

Rule 404(a)(2), Arizona Rules of Evidence, states:

(a) Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

. . . .

(2) *Character of Victim.* Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor. . . .

A split of authority exists, between both state and federal courts, regarding whether Rule 404 implies that evidence of character for peacefulness or propensity toward violence must be excluded in the civil assault context. See 1A Wigmore on Evidence § 64, at 1402 n. 3 (Tillers rev. 1983). The illogical and inequitable results of interpreting Rule 404 to mandate an absolute exclusion of character evidence in civil actions become especially apparent in this case. The major question presented to the jury was whether Gibson or, alternatively, Gunsch initiated the altercation at the Devilhouse. If this issue arose in a criminal assault action, the admissibility of evidence regarding Gibson's character for peacefulness, to rebut Gunsch's claim of self-defense, would be beyond question under Rule 404. *See State v. Zamora*, 140 Ariz. 338, 681 P.2d 921 (App.1984) (defendant charged with criminal assault may offer proof of victim's reputation for violence

when issue is who was the aggressor). The majority holds, based on *Blankinship*, that this evidence is inadmissible simply because the parties are litigating the matter in a civil proceeding. In discussing this seemingly warrantless distinction, the 1964 California Law Revision Commission indicated:

[I]t undoubtedly is thought by some that admission of 'character' evidence in civil actions would entail undue consumption of time, would involve distracting the attention of the jury from the main issues by the exploration of collateral issues, and might unfairly surprise the party against whom the evidence is offered. *But if these reasons are insufficient as a basis for excluding evidence of good character in criminal actions, how can it be that they become sufficient reasons when the action happens to be a civil action?* Surely it is just as important to determine civil actions rightly and fairly as it is so to determine criminal actions. If, then, a matter is relevant and conducive to the right determination of an issue (and is, therefore, admissible) when that issue arises in a criminal action, should not the result be the same when the issue arises in a civil action?

California Law Revision Commission, Tentative Recommendation and Study 658 (1964) (footnotes omitted) (emphasis added). *See* 1A Wigmore on Evidence, *supra*, at 1403–05.

*Blankinship* nonetheless holds, as the majority contends, that Rule 404 restricts the relevancy of character evidence, in the context of assault allegations, to criminal cases. In doing so, Blankinship relies upon the statement in M. Udall and J. Livermore's Law of Evidence § 83, at 170 (2d ed. 1982): "With the exception of credibility rules discussed elsewhere, Rule 404 makes clear that circumstantial use of character is permissible only in criminal cases."

Udall and Livermore in turn rely upon the federal Advisory Committee Note to

Rule 404[1] to conclude that the rule of *Mong Ming Club v. Tang,* 77 Ariz. 63, 266 P.2d 1091 (1954) "apparently does not survive the enactment of the rules of evidence." M. Udall and J. Livermore, *supra,* at 171, n. 6.

In my opinion, this "apparent" conclusion based upon the federal Advisory Committee Note is misplaced. As is pointed out in 2 Weinstein's Evidence § 404[03], at 404–22 (1980), the federal Advisory Committee Note adopts the "orthodox position" of the federal courts on this issue. *See e.g., Brown v. Evans,* 17 F. 912 (C.C.D.Nev. 1883); *Morgan v. Barnhill,* 118 F. 24 (5th Cir.1902); *Robinson v. Van Hooser,* 196 F. 620 (6th Cir.1912). However, the "orthodox position" in Arizona is to the contrary. As stated in *Mong Ming Club, supra:*

> In civil actions for damages for assault and battery, as in criminal prosecutions, the defendant, after laying a proper foundation by evidence tending to show that in committing the assault he acted in self-defense, may introduce evidence of the turbulent and dangerous character of the assaulted on the issue as to who was the aggressor.

77 Ariz. at 66, 266 P.2d at 1093.

I see nothing in the adoption of a Federal rule of evidence applicable to criminal cases that would impliedly overrule the Supreme Court's adoption of a common law rule applicable to civil cases. I therefore conclude that Rule 404 was not intended to abrogate the rule in *Mong Ming Club.* Moreover, no clear basis exists for ruling that evidence of the victim's character for peacefulness is not equally admissible, under Arizona law, in a civil assault setting where both parties claim they acted in self-defense.

A growing minority of courts has adopted the position that a party to a civil action should be permitted to introduce evidence of that party's good reputation for the character trait related to the allegations. McCormick on Evidence § 192 (2d ed. 1972). In *Strickland v. Jackson,* 23 N.C.App. 603, 209 S.E.2d 859 (1974), the court noted this trend in stating that the minority:

> "has been impressed with the serious consequences to the party's standing, reputation, and relationships which such ... [charges], even in a civil action, may bring in ... [their] train, and has followed the criminal analogy, by permitting the party to introduce evidence of his good reputation for the trait involved in the charge."

*Id.* at 606–07, 209 S.E.2d at 862 (citing McCormick on Evidence § 192 (2d ed. 1972)). The *Strickland* court was persuaded that evidence as to either party's character for peacefulness was properly admitted where the question arose as to who initiated the aggression. *Id. Accord Phillips v. Mooney,* 126 A.2d 305 (D.C. 1956); *Oller v. Hicks,* 441 P.2d 356 (Okla. 1968). In *Niemeyer v. McCarty,* 221 Ind. 688, 51 N.E.2d 365 (Ind.1943), the court declared "it is settled beyond controversy" that evidence of character for peacefulness may be introduced by a defendant to a criminal charge of assault where he affirm-

---

1. The argument is made that circumstantial use of character ought to be allowed in civil cases to the same extent as in criminal cases, i.e. evidence of good (nonprejudicial) character would be admissible in the first instance, subject to rebuttal by evidence of bad character.... The difficulty with expanding the use of character evidence in civil cases is set forth by the California Law Revision Commission in its ultimate rejection of Uniform Rule 47, *id.,* at 615:

> Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.
>
> ... [E]xpanding concepts of "character," which seem of necessity to extend into such areas as psychiatric evaluation and psychological testing, coupled with expanded admissibility, would open up such vistas of mental examinations as caused the [U.S. Supreme] Court's concern in *Schlagenhauf v. Holder,* 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). It is believed that those espousing change have not met the burden of persuasion.

atively pleads self-defense. *Id.* The *Niemeyer* court further remarked:

> In a criminal case the evidence is permitted as tending to prove a substantive fact in issue. It is not extraneous or collateral. We can conceive of no reason why evidence which is held to establish a fact in issue in a criminal case should be excluded in a civil case where the same fact is in issue.

*Id.* at 369–70.

In *Crumpton v. Confederation Life Insurance Co.*, 672 F.2d 1248 (5th Cir.1982), the court concluded that evidence of an insured's good character was admissible in view of the insurer's claim that he had raped the woman who killed him, and was, therefore, not entitled to accidental death benefits. *Id.* The *Crumpton* court cited the federal Advisory Committee's Note on Rule 404 and its rejection of the expanded use of character evidence in civil cases, in stating:

> [W]e do not view this as determinative of the circumstances of this case, which while actually civil, in character is akin to a criminal case. In *Reyes [v. Missouri Pacific R.Co.,* [589 F.2d 791 (5th Cir. 1979)], ... we said that the "general rule of exclusion" was applicable to both civil and criminal proceedings.... Thus by implication, when evidence would be admissible under Rule 404(a) in a criminal case, we think that it should also be admissible in a civil suit where the focus is on essentially criminal aspects, and the evidence is relevant, probative, and not unduly prejudicial.

672 F.2d at 1254 n. 7.

The majority distinguishes *Crumpton* from the present case, stating that *Crumpton* involved an "issue of rape" that resulted in a trial quite similar to a criminal "case for rape." Such reasoning applies equally well here, however, in that the question of who initiated the altercation resulted in a trial that was in most respects similar to a criminal case for assault.

In my opinion, the reasoning in *Crumpton,* as well as the minority view on this issue, is sound and should be applied in the case at bar to affirm the trial court's admission of testimony regarding Gibson's character for peacefulness. I therefore disagree with *Blankinship* and disavow my concurrence in *Bell v. State, supra,* on this issue.