NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Matter of:

MICHAEL J. MANOLA, *Petitioner/Appellant,*

*v.*

NANCY E. ESPINOZA, *Respondent/Appellee.*

No. 1 CA-CV 15-0772 FC
FILED 9-8-2016

Appeal from the Superior Court in Maricopa County
No. FC2012-051478
The Honorable Aimee L. Anderson, Judge
The Honorable Bryan Blehm, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Michael J. Manola, Phoenix
*Petitioner/Appellant*

Kimberly A. Staley, Peoria
*Counsel for Respondent/Appellee*

Arizona Attorney General's Office, Phoenix
By Pamela J. Linnins
*Counsel for Amicus Curiae Secretary of State*

---

**MEMORANDUM DECISION**

Vice Chief Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Margaret H. Downie and Judge Jon W. Thompson joined.

---

**T H U M M A**, Judge:

¶1            Michael J. Manola (Father) appeals from a judgment entered after remand from this court. Because Father has shown no reversible error, the judgment is affirmed.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2            In April 2012, Father petitioned for custody, parenting time and child support. Father alleged Nancy E. Espinoza (Mother) committed domestic violence against him and requested sole custody of the couple's infant (Child). After an evidentiary hearing, the superior court found that, "[a]lthough there is some history of domestic violence in Mother's past, the evidence was insufficient to establish that she should be denied any decision-making authority." The court granted joint legal decision-making authority, giving Father presumptive and final say regarding healthcare matters. The court awarded essentially equal parenting time and that Father's adult son not be within a one-quarter mile radius of Child while Father exercised his parenting time. The court calculated child support in Mother's favor, but because the amount was de minimus, did not require Father to pay child support.

¶3            Father appealed those orders and this court remanded in an October 2014 memorandum decision, directing that the superior court make findings of fact and conclusions of law. The memorandum decision left to the discretion of the superior court on remand "whether additional evidence need be taken to comply with this direction." The resulting mandate directed that the superior court "conduct such proceedings as required to comply with the memorandum decision."

¶4            For reasons that are not clear from the record, the directives of the mandate were not addressed until June 2015, shortly after a different judge was assigned to the case. After apologizing for the delay, the newly assigned judge deemed the May 2013 orders temporary, scheduled an evidentiary hearing for early October 2015 and set aside all legal decision-

making authority, parenting time and child support orders made after May 2013. Because more than two years had passed since the May 2013 orders and because Child was no longer an infant, the judge advised the parties that evidence to be considered "is going to be based upon what's going on now and what's gone on since" May 2013. Father then unsuccessfully moved in limine to preclude all new evidence since the May 2013 trial.

¶5        After the evidentiary hearing, in an October 2015 judgment, the superior court found it was in the best interests of Child to award joint legal decision-making authority, with Mother to have the final say after consultation with Father, and permitted reversion to full joint legal decision-making authority should Father disclose contact and residential information for Child while in his care. The court ordered Father to transport Child to and from Mother's residence until Father disclosed this information. The court affirmed the parenting time ordered in May 2013 (including that Father's adult son not be within a one-quarter mile radius of Child while Father exercised his parenting time) and, after recalculating child support, ordered Father to pay Mother $76.38 each month.

¶6        This court has jurisdiction over Father's timely appeal pursuant to Arizona Revised Statutes (A.R.S.) section 12-2101(A)(1) (2016).[1]

## LEGAL DISCUSSION

### I.    Father Has Not Shown The Superior Court Failed To Comply With This Court's Mandate.

¶7        Father argues that, in considering evidence of events after the May 2013 trial, the superior court did not follow this court's mandate, an issue this court reviews de novo. *Bogard v. Cannon & Wendt Elec. Co., Inc.*, 221 Ariz. 325, 334 ¶ 30 (App. 2009).

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated. With respect to other requests by Father: (1) Father's request that this court exercise special action jurisdiction is denied because this court has appellate jurisdiction; (2) Father's request in his reply brief that Mother's answering brief be disregarded as unresponsive is denied and (3) Father's July 1, 2016 Motion for Supplemental Brief, which Mother opposes and which largely addresses May 2016 superior court motion practice, is granted to the extent it seeks to supplement the record on appeal and is denied to the extent it seeks any other relief.

¶8            This court's mandate instructed the superior court to make findings of fact and conclusions of law in support of its orders and, in its discretion, determine whether additional evidence was necessary on remand. As discussed above, on remand, the court set aside previous orders and held an evidentiary hearing. After the hearing, the court issued a 15-page judgment making detailed findings of fact and conclusions of law. This court's mandate vested in the superior court the discretion to receive additional evidence. By doing so, Father has shown no error.

¶9            Father also argues the superior court's ruling on child support violates the mandate because it fails "to substantiate its reasoning." This court's mandate noted the May 2013 order did not reflect a reduction in income for Father's three biological children from other relationships or provide any findings of fact or reasoning to preclude such a reduction. The superior court's child support order on remand credited Father with a reduction of income for three additional children, despite one of Father's children having reached the age of majority by the time of the evidentiary hearing. Thus, any error in the child support calculation is in Father's favor. Moreover, contrary to Father's argument, the child support calculation detailed the reasons it imputed income to Father and calculated child support based on the parties' income, adjustments to Father's income as noted above, and childcare and healthcare costs. Accordingly, Father has not shown the child support ruling failed to comply with the mandate.

## II.    Father Has Not Shown The Superior Court Erred In Deciding Legal Decision-Making Authority.

¶10        Father argues the superior court punished him for not disclosing his residential address by "withholding" Father's legal decision-making authority, "stripping [Father's] parental rights to legal decision making for being a victim of domestic violence and participating in" Arizona's Address Confidentiality Program,[2] and burdening Father with the additional costs of transporting Child.

¶11        A decision regarding legal decision-making authority is reviewed for an abuse of discretion. *See Owen v. Blackhawk*, 206 Ariz. 418, 420 ¶ 7 (App. 2003). This court does not reweigh the evidence and construes the evidence in the light most favorable to affirming the ruling. *Hurd v. Hurd*, 223 Ariz. 48, 52 ¶¶ 16, 19 (App. 2009). The superior court's ruling will be affirmed if there is substantial evidence in the record supporting that ruling, *id.* at 52 ¶ 16, and this court accepts the superior court's factual findings unless clearly erroneous, *In re Marriage of Gibbs*, 227 Ariz. 403, 409 ¶ 16 (App. 2011).

¶12        Contrary to Father's argument, the superior court did not withhold legal decision-making authority from Father, strip him of his parental rights or punish him for being a victim of domestic violence or for participating in the ACP. Rather, the superior court found that:

> Father continues to deny Mother access to information regarding the child's residential address and telephone number while in Father's care even though there is no protective order in place and there have been no acts of domestic violence, intimidation, threats, stalking, or harassment since the one act admitted to by Mother [where she admitted to hitting Father with a purse in late 2011 after an argument].

---

[2] As is his right, Father is a participant in Arizona's Address Confidentiality Program ("ACP"), which allows him to restrict the public dissemination of his residential address. *See* A.R.S. §§ 41-161 to -169. The court acknowledges and appreciates the amicus brief of the Arizona Secretary of State providing further background of the ACP.

¶13          After considering all the relevant factors, including those set forth in A.R.S. § 25-403.01(B) and 403(A), governing legal decision-making authority and to the best interests of the Child, the superior court found no significant domestic violence and *temporarily* limited full joint legal-decision making authority. The court ordered that Mother have final say after consultation with Father until he released his residential address and ordered Father to bear the costs of transporting Child because Mother did not know where Father lived. In making these rulings, Father has shown no error.

¶14          To the extent Father argues the superior court abused its discretion in ordering joint legal decision-making authority, Father essentially seeks to reweigh the evidence, which this court will not do. *Hurd*, 223 Ariz. at 52 ¶ 16. On this record, Father has shown no abuse of discretion with the superior court's legal decision-making orders.

### III.    Father Has Not Shown The Superior Court Erred In Entering A Parenting Time Order Restricting Non-Party Access to Child.

¶15          Father challenges the superior court's parenting time order prohibiting Father from allowing his oldest son to be within a quarter-mile radius of Child's location, an issue this court reviews for an abuse of discretion. *See Owen*, 206 Ariz. at 420 ¶ 7.

¶16          Contrary to Father's argument that the superior court made this order without it being at issue, the order restricting access to Child affirmed an earlier order. Moreover, on remand, access was at issue when Mother's pretrial statement submitted before the evidentiary hearing alleged substantial safety concerns regarding Father's "oldest son inappropriately" interacting with children and Father's lack of recognition of the inappropriate nature of the interaction.

¶17          Contrary to Father's argument, the order does not invoke jurisdiction over Father's oldest son, but merely orders Father to restrict access. Although the order contained no express findings on the point, this court will "infer from any judgment the findings necessary to sustain it if such additional findings do not conflict with express findings and are reasonably supported by the evidence." *Thomas v. Thomas*, 142 Ariz. 386, 390 (App. 1984). From the ruling, this court infers that the superior court found good cause to restrict access. *Id*. Indeed, this court takes judicial notice of the order in FC 2008-001490 directing that Father's oldest son not be present during Father's parenting time with his other minor children. *See*

Ariz. R. Evid. 201. Accordingly, Father has shown no abuse of discretion with the superior court restricting non-party access to Child.

## CONCLUSION

¶18　　　The judgment is affirmed. The court, in exercising its discretion, denies Mother's request for attorneys' fees on appeal, but awards Mother her taxable costs contingent upon her compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:　AA